OPINION
{¶ 1} Plaintiff-appellant the State of Ohio appeals the March 14, 2002 Journal Entry of the Fairfield County Municipal Court which suppressed the BAC test results of defendant-appellee Justin Reiger.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On January 11, 2002, Officer Kyle Hatfield charged appellee with driving under the influence of alcohol, in violation of R.C.4511.19(A)(1) and (A)(6); and speeding, in violation of R.C. 4511.21.
 {¶ 3} Appellee filed a motion to suppress. A hearing on the motion was heard on February 26, 2002. The trial court ordered, in part,[1]
appellee's BAC test results suppressed because the officer who conducted the breathalyzer test did not initiate a new 20-minute observation period after the first invalid breath sample.
 {¶ 4} Appellee was driving a vehicle which was stopped by Officer Hatfield around 2:40 a.m. on January 11, 2002. After administering various field sobriety tests, Officer Hatfield arrested appellee for driving under the influence of alcohol and transported him to the police station where appellee was requested to take a breath test. After observing appellee for twenty minutes and checking appellee's mouth to insure nothing was in it, appellee's first attempt to take the test resulted in an invalid sample because the machine did not receive enough deep lung air. Appellee would stop blowing momentarily during the test which caused the invalid sample.
 {¶ 5} Officer Hatfield did not believe the invalid test was the result of mouth alcohol. Four minutes after the first invalid test, Officer Hatfield had appellee blow into the machine a second time. The only thing appellee had in his mouth at the time of the second test was the tube he was blowing into. The second test produced a result of .210 grams of alcohol per 210 liters of breath.
 {¶ 6} Based upon the aforementioned facts, the trial court issued its March 14, 2002 Journal Entry which is the subject of this appeal.
 {¶ 7} Appellant assigns as error:
 {¶ 8} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY SUPPRESSING THE EVIDENCE OF THE SECOND BREATHALYZER TEST BECAUSE THE OFFICER DID NOT INITIATE A SECOND 20-MINUTE OBSERVATION PERIOD."
 I. {¶ 9} In its journal entry, the trial court states "the directives from both the Ohio Department of Health's Bureau of Alcohol and Drug Testing and the BAC Datamaster Basic Operation Guide dictate a new 20-minute observation period every time there is an invalid sample." We believe the directives the trial court references are contained within the December 14, 1998 Memorandum issued by the Bureau of Alcohol and Drug Testing to all BAC Datamaster and BAC Verifier Sites. That memo instructed:
 {¶ 10} "Effective immediately an `invalid sample' indication on the BAC Verifier or BAC Datamaster is to be handled by initiating a new 20 minute observation period. The reason for this change is due to the fact that `invalid sample' may be caused by different things. The operator will no longer have to decide exactly what may have caused the `invalid sample', the remedy will always be a new observation period."
 {¶ 11} The BAC Datamaster Basic Operation Guide defines "invalid sample" as:
 {¶ 12} "Invalid Sample. This message is seen only during a subject or simulating test if conducted during the subject test mode. The instrument has detected a negative going value during the test that is inconsistent with the expected test progression. This can be caused by a subject blowing too hard as saliva droplets can be forced through the mouthpiece and into the sample chamber causing a somewhat unstable reading. It can also be caused by the presence of mouth alcohol. See Section entitled `Datamaster Sampling Systems.' usually a retest of the subject after a short period will result in a valid test."
 {¶ 13} The above language found in the memorandum and operating guide is not found in the regulations promulgated by the Ohio Director of Health and set forth in the Ohio Administrative Code relative to the use of the BAC Datamaster. In the event of possible conflict or ambiguity between them, we believe the regulations as embodied in the Ohio Administrative Code control. Though there may not have been strict compliance with the memorandum or guide, we find there was strict compliance with the regulations.[2]
 {¶ 14} By so finding, we note our decision is in accord with our colleagues from the Twelfth District in State v. Bosier (Jul. 24, 2000), Clinton App. No. CA99-11-036, unreported; the Fourth District in Statev. Matlack (Nov. 2, 1995), Athens County App. No. 95CA1658, unreported (1995WL646355); the Sixth District in State v. Gigliotti (Dec. 22, 2000), Erie County App. No. E-99-081, unreported (2000WL1867265); and the Eighth District in City of Rocky River v. Papandreas (Mar. 23, 2000), 2000WL 301080. As was the case in Bosier, the evidence in the case sub judice established the cause of the invalid sample was the appellee's failure to sufficiently blow into the machine. In both cases, the invalid sample was not believed to have been the result of mouth alcohol.
 {¶ 15} Appellant's assignment of error is sustained.
 {¶ 16} The judgment of the Fairfield County Municipal Court is reversed.
By: Hoffman, P.J., Wise, J. and Boggins, J. concur.
topic: TC abused discretion not suppressing evid breathalyzer test 20 minute observation period.
[1] The trial court's rulings on other portions of appellee's motion to suppress have not been challenged in this appeal.
[2] We recognize and appreciate the trial court's attempt to follow this Court's previous opinion(s) applying the strict compliance standard with respect to certain regulations regarding breath testing. See Tr. at 70-71.